CSD 1160 [05/15/03]
Name, Address, Telephone No. & I.D. No.
ANDREW S. PAULY (SBN 90145)
ANDREW J. HALEY (SBN 202900)
GREENWALD, PAULY, FOSTER & MILLER,
A Professional Corporation
1299 Ocean Avenue, Suite 400
Santa Monica, California 90401-1007
(310) 451-8001

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re LSM HOTEL, LLC,<br><br>Debtor. | BANKRUPTCY NO.<br>10-13024-LT11 |
| GERMAN AMERICAN CAPITAL CORPORATION,<br><br>Moving Party | RS NO.<br>ASP1 |
| LSM HOTEL, LLC; MATTHEW DINOFIA; and JAVIER SERHAN,<br><br>Respondent(s) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
[X] **REAL PROPERTY**    [X] **PERSONAL PROPERTY**

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter [ ] 7 [X] 11 [ ] 12 [ ] 13 was filed on July 26, 2010.

2. Procedural Status:

    a. [ ] Name of Trustee Appointed *(if any)*:

    b. [ ] Name of Attorney of Record for Trustee *(if any)*:

    c. [ ] *(Optional)* Prior Filing Information:
    Debtor has previously filed a Bankruptcy Petition on: _____.
    If applicable, the prior case was dismissed on: _____.

    d. [ ] *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

Movant alleges the following in support of its Motion:

1. [X] The following real property is the subject of this Motion:
    a. Street address of the property including county and state:
    1025 La Bonita Drive, Lake San Marcos, County of San Diego, State of California 92078

    b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):
    Hotel

    c. Legal description of property is attached as Exhibit A.

CSD 1160 (Page 2) [05/15/03]

    d. If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.
    e. *Fair market value of property as set forth in the Debtor's schedules: $ 3,500,000.00
    f. *Nature of Debtor's interest in the property: owner

2. [X] The following personal property is the subject of this Motion *(describe property)*:
    All personal property collateral described in the written Commercial Security Agreement perfected through a UCC-1 lien, copies of which are attached as Exhibit "B".
    a. Fair market value of property as set forth in the Debtor's schedules: $ unclear from schedules, but no more than $1,074,661.00
    b. Nature of Debtor's interest in the property: owner

3. *Fair market value of property according to Movant: $ for purposes of this Motion only, and without prejudice to any of its rights and remedies, Movant accepts Debtor's valuation
4. *Nature of Movant's interest in the property: first priority secured lender

5. *Status of Movant's loan:
    a. Balance owing on date of Order for Relief:      $ 11,680,082.73
    b. Amount of monthly payment:      $ 106,746.00  (varies based on days in month)
    c. Date of last payment:      1/28/10
    d. If real property,
        i. Date of default:      2/28/2010
        ii. Notice of Default recorded on:      6/30/10
        iii. Notice of Sale published on:      n/a
        iv. Foreclosure sale currently scheduled for:      n/a
    e. If personal property,      non-divisible,
        i. Pre-petition default: $ inclusive of 5(a)      No. of months: N/A
        ii. Post-petition default: $ _____      No. of months: N/A

6. (If Chapter 13 Case, state the following:)
    a. Date of post-petition default:
    b. Amount of post-petition default:      $

7. Encumbrances:
    a. Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: GACC | 11,018,954.00 | $661,127.98 | 7mo. | 275,473.60 | 80 days* |
| 2nd: Javier Serhan | 4,000,000.00 | unknown | | unknown | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 15,018,954.00 | $ | | $ 275,473.60 | |

*arrearages through 10/14/10 hearing date

    b. Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant: at least $96,820 in tax liens as stated on Debtor's Schedule E
        [ ] See attached page, if necessary. (public records show $139,106.06 in unpaid taxes and assessments)

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

CSD 1160 (Page 3) [05/15/03]

8. Relief from the automatic stay should be granted because:

   a. [X] Movant's interest in the property described above is not adequately protected.

   b. [X] Debtor has no equity in the [X] real property [X] personal property described above and such property is not necessary to an effective reorganization.

   c. [ ] The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

      i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

      ii. the Debtor/Trustee has

         (1) [ ] not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

         (2) [ ] commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   d. [X] *Other cause exists as follows (specify): [ ] See attached page.
      Debtor's bad faith as described in the concurrently filed Memorandum of Points and Authorities

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

Movant attaches the following: Declarations of Joan Kramer and Andrew S. Pauly, Esq.

1. [ ] Other relevant evidence:

2. [X] (Optional) Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

[X] Relief as requested.

[X] Other: 3. relief from stay to non-judicially foreclose and obtain appointment of receiver in state court pending the foreclosure; 4. the 14 day stay prescribed by Bankruptcy Code section 4001(a)(3) be waived; 5. the Order be binding on any successors, transferees or assignees of the Debtor; and 6. the Order be binding in any bankruptcy case commenced by or against the Debtor and by or against any successors, transferees or assignees of the Debtor for a period of 180 days.

Dated: September 13, 2010          /s/ ANDREW S. PAULY
                                   [Attorney for] Movant
                                   ANDREW S. PAULY

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160